**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYUZANNA BAGHDASARYAN, | No. 06-71727 |
| Petitioner, | Agency No. A095-600-145 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| SYUZANNA BAGHDASARYAN, | No. 07-72258 |
| Petitioner, | Agency No. A095-600-145 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010
San Francisco, California

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Petitioner Syuzanna Baghdasaryan, a citizen of Armenia and a Pentecostal Christian, timely petitions for review of an order of the Board of Immigration Appeals denying her application for asylum and withholding of removal. She also separately petitions for review of a BIA order denying her motion to reopen. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We grant petition no. 06-71727 in part and deny it in part, and we dismiss petition no. 08-72258 as moot.

"Where, as here, the BIA cites its decision in [*Matter of*] *Burbano*, [20 I&N Dec. 872, 874 (BIA 1994),] and does not express disagreement with any part of the IJ's decision, we review the IJ's decision as if it were the BIA's decision." *Tampubolon v. Holder*, ___ F.3d ___, 2010 WL 2541610, *2 (9th Cir. Jun. 25, 2010) (citation omitted). The BIA's determination of legal issues is reviewed de novo, except that deference is owed to its reasonable construction of its own governing statutes and regulations. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008) (citations omitted). Factual findings are reviewed for substantial evidence. *Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir. 2006) (citation omitted). Under this standard, a factual determination is upheld if it is "supported by

2

reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 864–65 (internal quotation marks and citations omitted).

*No. 06-71727*

Baghdasaryan first claims that the immigration judge erred in denying her asylum application. Because the government stipulated that Baghdasaryan was a credible witness and that she had suffered past persecution on account of her religion, she is a refugee eligible for asylum. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A); 8 C.F.R. § 1208.13(a), (b)(1). The burden of proof then shifted to the government to prove that country conditions had changed such that her fear of future persecution was no longer well-founded. 8 C.F.R. § 1208.13(b)(1)(i)(A). The government offered four documents, including country reports, from 2003 and 2004; the IJ cited these documents as demonstrating country conditions had changed. However, Baghdasaryan submitted similar documents from 1999 and 2000—the period in which Baghdasaryan actually suffered persecution—as well as 2002. These earlier reports, which the IJ did not reference, were nearly identical to the later reports. The record as a whole demonstrated there was no change in country conditions from the period of her past persecution to the time of the hearing. The IJ erred in concluding otherwise. We grant Baghdasaryan's petition for review on this basis.

Baghdasaryan also argues that she should have been granted asylum on humanitarian grounds. Having established past persecution, she could be granted asylum if she had "demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 1208.13(b)(1)(iii)(A). Relief on humanitarian grounds is limited to situations where the past persecution was especially abhorrent, atrocious, unusual, or severe. *See*, *e.g.*, *Matter of Chen*, 20 I & N. Dec. 16 (BIA 1989); *Vogsakdy v. INS*, 171 F.3d 1203 (9th Cir. 1999). The IJ's finding that Baghdasaryan's past persecution was not especially abhorrent is supported by substantial evidence.

Next, Baghdasaryan contends that the IJ erred in rejecting her application for withholding of removal. Withholding of removal is mandatory if an alien establishes a clear probability that her life or freedom would be threatened due to her religion if she returned to her home country. 8 U.S.C. § 1231(b)(3)(A); *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) (citation omitted). As with an application for asylum, if an alien establishes past persecution, it is presumed that her life or freedom would be threatened upon return, and the burden shifts to the government to rebut the presumption by proving changed country conditions. 8 C.F.R. § 208.16(b)(1)(i)(A). As discussed above, there is no substantial evidence in the record to support the IJ's conclusion that the government met its burden to

4

show changed country conditions. Baghdasaryan's petition is granted on this basis; she is entitled to withholding of removal.

Baghdasaryan also argues she should have been granted protection under the Convention Against Torture. Where there are substantial grounds for believing an alien would be tortured if returned to her home country, withholding of removal is required. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005). Torture is "an extreme form of cruel and inhuman treatment" "by which severe pain or suffering . . . is intentionally inflicted on" another by or with the acquiescence of government officials. 8 C.F.R. § 208.18(a). The alien bears the burden of proving it is more likely than not she would be tortured if removed to her home country. *Nuru*, 404 F.3d at 1216. Baghdasaryan failed to adduce any evidence that she would be tortured if she returned to Armenia. The IJ did not err in denying relief on this ground.

*No. 07-72258*

In a separate petition, Baghdasaryan seeks review of the BIA's denial of her motion to reopen the removal proceedings. In light of the foregoing disposition, this petition is now moot.

Each party shall bear its own costs on appeal.

No. 06-71727, **petition GRANTED in part, DENIED in part, and**

**REMANDED.**

No. 07-72258, **petition DISMISSED as moot.**